Battle, J.
 

 The proceedings under-the statute of forcible entry, and detainer before a justice out of court are and were intended to be summary and expeditious. It would have been destructive of the object intended by them had an appeal been allowed, and hence none is given. See Rev. Code, ch. 49; Rev. Stat., ch. 49. It is a mistake to suppose that the provision in the Rev. Code, ch. 6-2, sec. 23, which gives the right of appeal to any party dissatisfied with the
 
 *165
 
 judgment of a justice of the peace, was intended to apply to a case like this. That provision is contained in the chapter of the Revised Code concerning “ Justices of the Peace,” and is fully satisfied by applying it to the ordinary subjects of jurisdiction confided to justices acting out of court. The Revised Statutes, chapter 62, contains a similar provision in section 22, and yet it was said by this court, in a case which occurred subsequently to the time when they went into operation, that no appeal was given by the statute.
 
 Sherrill
 
 v. Nations, 1 Ire., 330. But notwithstanding that no appeal is given, a defendant who feels himself aggrieved by the proceedings against him has a full and complete remedy by means of the writ of
 
 recordari,
 
 which is the actual and perhaps the only remedy to which he can resort. See all the cases in this State collected in Battle’s Digest at pp. 613, 614.
 

 Under this writ the inquisition and proceedings connected therewith are taken to the Superior Court, where the defendant may, if he can, show that the justice was guilty of misconduct, or irregularity in receiving improper testimony, or refusing to receive proper testimony, or otherwise. He may also assign errors apparent upon the record of proceedings as in the case of a writ of false judgment. See
 
 Sherrill
 
 v.
 
 Nations,
 
 cited above, and the authorities therein referred to.
 

 In the case now before us the defendant has availed himself of this right, and has assigned several errors as appearing upon the inquisition, of which it is necessary for us to notice only one. It is that the jury have not found by this verdict that the plaintiff had any present estate in the land, either “ of freehold or for a term of years.” That such a finding is essential is clearly shown by the cases of
 
 Sherrill
 
 v.
 
 Nations, ubi supra; Mitchell
 
 v.
 
 Fleming,
 
 3 Ire., 123;
 
 State
 
 v.
 
 Anders,
 
 8 Ire., 15;
 
 Watson
 
 v.
 
 Trustees of Floral College,
 
 2 Jon., 211. The verdict of the jury to which this exception is taken is as follows; “That we find said Judson
 
 *166
 
 D. Grissett holding said hotel as charged in the warrant,, and that we, the jurors, do hereby decide that the said Alva Smith, plaintiff and owner of said house, &c., do give him full possession of the same.” It is difficult to discover any sensible meaning in the latter part of this verdict, and it is utterly impossible to deduce from it a finding that the plaintiff had any present estate of freehold or term for years from which he had been unlawfully and forcibly dispossessed or kept out, and to which he had a right to be restored Whether he was owner of either of those kinds of estates, or was owner as a tenant at will, or in remainder or reversion, is left undetermined. It was the more necessary in this case for the jury to be precise in ascertaining the kind of estate of which the plaintiff claimed to be ■seized or possessed, because the defendant, in his traverse of the force charged against him, alleged that he was in possession under a lease for a year and retained possession peaceably under that lease, that allegation not being traversed by the plaintiff; and the failure in the inquisition to find such a present estate in the plaintiff as the law requires was fatal to the whole proceedings, and justified the Superior Court in quashing them and ordering a writ of re-restitution; and the judgment must therefore be affirmed with costs.
 

 Per Curiam. Judgment affirmed.